# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 17, 2013

Lyle W. Cayce
Clerk

No. 12-41118
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTONIO MENDOZA-AGUIRRE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-75-2

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Antonio Mendoza-Aguirre (Mendoza) appeals his sentence following his guilty plea conviction for possession with intent to distribute 1,000 kilograms or more of marijuana. He challenges the district court's assessment of two enhancements under the Sentencing Guidelines. He contends that the district court erred in finding under U.S.S.G. § 3B1.1(b) that he was a supervisor in criminal activity that involved five or more participants and that the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court erred in finding under § 2D1.1(b)(12) that he maintained a premises for the purpose of distributing a controlled substance.

We review the district court's factual findings at sentencing for clear error. *See United States v. Nava*, 624 F.3d 226, 229 (5th Cir. 2010). "A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole." *Id.* (internal quotation marks and citation omitted). Section 3B1.1(b) provides for a three-level enhancement "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." Section 2D1.1(b)(12) provides for a two-level enhancement if the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance, including storage of a controlled substance for the purpose of distribution. § 2D1.1(b)(12); § 2D1.1, comment. (n.28). The premises need not be used exclusively for manufacturing or distribution of controlled substances, but such drug activity must be a primary or principal purpose of the premises. § 2D1.1, comment. (n.28).

Regarding the § 3B1.1(b) enhancement, Mendoza contends that the district court erroneously attributed to him responsibility over a codefendant's residence and money retrieved from that residence. He asserts that he was merely an underling to that codefendant, who was the actual manager or supervisor in the marijuana operation. With respect to the § 2D1.1(b)(12) enhancement, Mendoza does not dispute that over 1,000 kilograms of marijuana had been packaged at his own home but contends that there was no evidence of how frequently his home was used for the marijuana operation and how frequently it was used as a lawful residence.

The evidence indicated that Mendoza paid rent and lived at a residence where over 1,000 kilograms of marijuana had been packaged by at least five workers, Mendoza was partly responsible for hiring at least two of those workers, materials used to package the marijuana were found throughout Mendoza's residence, Mendoza's residence was one of the stash houses to which

marijuana loads were transported, and the marijuana packaging operation had been significant enough to produce sizable earnings.  Based on the record as a whole, the district court did not clearly err in finding that Mendoza was a supervisor in criminal activity involving five or more participants and that he maintained a premises for the purpose of distributing a controlled substance. *See* § 3B1.1(b); § 2D1.1(b)(12).

AFFIRMED.